IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES A. SANDERS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 06-0413-CV-W-DW |
| | ) | No. 04-00262-01-CR-W-DW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondant. | ) | |

**ORDER**

On May 18, 2006, Movant filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Movant raised three issues in his original motion: ineffective assistance of counsel arising from a failure to file a motion to suppress; ineffective assistance of counsel arising from a failure to object to a sentence enhancement; and the Bureau of Prisons failure to credit time served. The Court granted Sanders' requests to add two additional claims: ineffective assistance of counsel for failure to ensure Petitioner received proper credit for time served and ineffective assistance for failure to object to the indictment and the statute.

**Bureau of Prisons Failure to Credit Time Served**

On September 27, 2006, Sanders moved this Court to construe his third claim, the Bureau of Prisons failure to credit time served, as a motion under 28 U.S.C. § 2241 and to transfer the case to the United States District Court of Kansas. The Court denied the Motion.

This Court is without jurisdiction to hear Movant's argument as to the improper denial of credit for time served. Defendants may obtain credit for time served under 18 U.S.C. § 3585(b). Any such determination, however, is made by the Bureau of Prisons and not the district courts. U.S. v. Pardue, 262 F. 3d 695, 699 (8th Cir. 2004). The Bureau of Prisons provides

administrative remedies to address a denial of a credit for time served request. Id. Only after exhausting these remedies may a challenge for failure to credit a defendant for time served be brought to the federal courts as a § 2241 habeas motion. United States v. Chappel, 208 F. 3d 1069, 1069 (8th Cir. 2000); Bell v. United States, 48 F. 3d 1042, 1043 (8th Cir. 1995).

A § 2241 motion may only be filed in (1) the district where the petitioner is confined; (2) the United States District Court for the District of Columbia; or (3) in any district in which the Bureau of Prisons maintains a regional office. Chappel at 1069. Given that Movant is currently incarcerated in Leavenworth, Kansas and the Bureau of Prisons North Central Regional Office is located in Kansas City, KS, this Court is without jurisdiction to hear this Motion.

### Ineffective Assistance of Counsel

Movant's four remaining claims all argue ineffective assistance of counsel. For an ineffective assistance of counsel claim on a 28 U.S.C. § 2255 motion, Movant bears the burden of proving that (1) counsel performed deficiently and (2) that the deficient performance prejudiced his defense. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Movant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694

### Counsel's Failure to File a Motion to Suppress

Prejudice resulting from counsel's failure to file a motion occurs only if the motion would have been successful. United States v. Johnson, 707 F.2d 317, 320 (8th Cir. 1983). Both the dispatch tape and Movants' own witness contradict Movant's argument. According to Sanders'

witness, Sanders gave the officer verbal consent to search his vehicle. Further, the record shows that, at his sentencing hearing, Movant himself waived his opportunity to pursue a motion to suppress. Given that the motion to suppress had no reasonable chance of success and that Movant waived the opportunity to be heard on his Motion, Movant cannot show prejudice in counsel's failure to file.

### Counsel's Failure to Object to the Sentence Enhancement

Movant's second argument is that counsel was ineffective by failing to object to the sentence enhancement based upon a prior conviction. Movant argues that the nature and character of a prior conviction must be submitted to a jury and proven beyond a reasonable doubt. At the sentencing hearing, however, Movant's counsel informed the Court that Movant believed Blakely and Booker applied to his case and Movant was given the opportunity to argue this Motion. Given that the Court rejected this argument, Movant cannot show any resulting prejudice.

### Counsel's Failure to Ensure Petitioner Received Credit for Time Served

Movant also claims counsel was ineffective since she did not ensure that Movant received credit for time served. Counsel's affidavit shows that she reviewed this issue and correctly informed Movant that he would not receive credit for time served. See 18 U.S.C. § 3585. Movant cannot show deficiency in or prejudice resulting from counsel's actions.

### Counsel's Failure to Object to the Indictment and the Statute

Lastly, Movant argues counsel was ineffective in failing to argue (1) that being a felon in possession is not a federal crime; (2) that Congress has overstepped its constitutional powers in enacting 18 U.S.C. § 922(g)(1); and (3) that Sanders' firearm did not have an interstate commerce connection.

18 U.S.C. § 922(g)(1) clearly renders unlawful the possession of a firearm by any person who has been convicted, in any court, of a crime punishable by imprisonment for a term of one year. Sanders' constitutionality argument has already been denied by the 8th Circuit. United States v. Rankin, 64 F.3d 338, 339 (8th Cir. 1995); see also United States v. Bates, 77 F.3d 1101, 1104 (8th Cir. 1996). The Court there found that 922(g)(1) possessed a clear tie to interstate commerce. Id. Given the state of the law, Movant cannot show that counsel either performed deficiently or that he was prejudiced by counsel's failure to move as to any of these issues.

Sanders' argument that the firearm did not posses a sufficient interstate commerce connection is also without effect. Under 922(g)(1) there need only be a "minimal nexus that the firearms have been, at some time, in interstate commerce." Bates, 77 F.3d at 1104 (citations omitted). Defendant was aware that the indictment stated that the firearm was manufactured outside of Missouri. He did not object when the Court informed him that the indictment stated that it "affected commerce in that it was transported from another state to the state of Missouri." Accordingly, Movant cannot show any prejudice resulting from counsel's failure to object to the firearm's interstate commerce connection.

Date: December 28, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court